UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Karen Klotzbach-Piper,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**National Railroad Passenger Corporation d/b/a Amtrak,**<br><br>　　　　**Defendant.** | Case No. 18-cv-01702-RC |

### DEFENDANT'S RESPONSE AND OBJECTIONS REGARDING THE DEPOSITION OF HELEN GAGE-WILLIAMSON

Defendant, National Railroad Passenger Corporation ("Amtrak"), by and through its undersigned counsel, and pursuant to the Court's Minute Order dated November 1, 2023, requesting that Defendant respond to Plaintiff's designation regarding the deposition of Ms. Helen Gage-Williamson.[1]

| Designated Portion of Deposition | Description | Defendant's Response |
|---|---|---|
| Page 7, Line 1 through Page 16, Line 13. | Witness' history | Objection. Defendant requests that this testimony cut off on page 9, line 14. Her positions and testing for the various positions are irrelevant to the current case. |
| Page 16, Line 14 through Page 21, Line 9. | Witness discussion of discrimination incident | Objection. This does not establish that either Phillip Shaw nor Christopher Martone harassed her. Additionally, this testimony is |

---

[1] Plaintiff did not attach a transcript of the deposition to her filing. Defendant will submit the designations and the transcript separately.

| | | |
|---|---|---|
| | | not limited to the relevant time frame, and it occurred in Chicago, when Ms. Gage-Williamson was training, which would have been over twenty years ago. |
| Page 22, Line 16 through Page 25, Line 19. | Witness discussion of training policies. | Objection. Ms. Gage-Williamson's block training is not relevant to the current claims or defenses in this case. Defendants do not object to page 23, line 15 through page 24, line 20. |
| Page 31, Line 1 through Page 52, Line 5. | Witness discussion of working with Plaintiff. | Objection. Irrelevant. The Court has already determined that Amtrak lawfully terminated Ms. Klotzbach-Piper and there is no testimony relating to communications or events that she personally observed involving Ms. Klotzbach-Piper and Mr. Shaw or Mr. Martone. |
| Page 52, Line 6 through Page 54, Line 2. | Witness discussion of other female engineers. | Objection. Ms. Gage-Williamson has no personal knowledge about the training or bidding in of female engineers to Jacksonville crew base. |
| Page 54, Line 11 through Page 56, Line 10. | Witness discussion of working with Plaintiff. | Objection. There is no foundation for how Ms. Gage-Williamson would know how Mr. Martone or Mr. Shaw were treating Ms. Klotzbach-Piper as Ms. Gage-Williamson was in the back of the train and not in the cab. Further objection that this testimony, even if relevant, is prejudicial. Ms. Gage-Williamson does not identify the male trainees, there was no evidence of the male trainees' training record, and the term |

| | | |
|---|---|---|
| | | "obnoxious" is vague. Ms. Gage-Williamson is not here to clarify or tailor this testimony to the needs of the case. Further, page 54, line 13 through page 55, line 2 indicates that the testimony is based on hearsay. |
| Page 56, Line 15 through Page 61, Line 13. | Witness discussion of working with Plaintiff. | Objection. The Court has already determined that Amtrak lawfully decided not to re-certify Ms. Klotzbach-Piper. Therefore, this testimony is not relevant to the claims or defenses in this case. |
| Page 61, Line 14 through Page 64, Line 1. | Witness discussion of harassment dealt with by Plaintiff and Witness. | Objection. Ms. Gage-Williamson's answer on page 61, line 18 indicates that the remaining testimony that follows may be based on hearsay. Page 62, line 6-10 does not indicate that Mr. Shaw was talking about Ms. Klotzbach-Piper. Thus, it is speculation. Page 62, line 13-17 is also speculation because Ms. Gage-Williamson was not in the cab, so she only heard one side of the conversation on the radio. Thus, this testimony is prejudicial. Page 62, line 18 – page 64, line 1, the proffer does not indicate the basis for Ms. Gage-Williamson's belief that Ms. Klotzbach-Piper received a poem from Martone. |
| Page 64, Line 10 through Page 66, Line 8. | Witness discussion of physical altercation. | Defendant refers the Court to the objection designated below for the testimony from Page 69, line 21 – page 70 line 5, which shows a lack of foundation. Defendant requests that if this testimony is read in, that the testimony |

3

DEFENDANT'S RESPONSE AND OBJECTIONS REGARDING THE DEPOSITION OF HELEN GAGE-WILLIAMSON

| | | |
|---|---|---|
| | | be read from page 64, line 4 through page 66, line 8. |
| Page 67, Line 10 through Page 68, Line 9. | Witness discussion of Plaintiff's behavior towards Shaw and Martone. | Objection. This testimony is irrelevant to the extent that it is being proffered regarding Ms. Klotzbach-Piper's proficiency as a locomotive engineer. |
| Page 69, Line 21 through Page 70, Line 5. | Witness discussion of the investigation of the altercation. | During the deposition, Defendant's counsel objected for lack of foundation because there was no evidence that Amtrak was made aware of the incident. Defendant stands on that objection. |
| Page 78, Line 2 through Page 79, Line 5. | Witness discussion of Shaw and Martone. | Objection. Page 78, line 2-12 is hearsay. Page 78, line 13-17 does not establish that Martone and Shaw were the subject of her prior complaint or that Mr. Nunziato or anyone in management at the time Ms. Klotzbach-Piper was assigned to Jacksonville were aware of Ms. Gage-Williamson's concerns. |

Dated: November 6, 2023

Alison N. Davis, Bar No. 429700
andavis@littler.com
Anna M. Sheridan, Bar No. 1671005
asheridan@littler.com

LITTLER MENDELSON, P.C.
815 Connecticut Avenue NW
Suite 400
Washington, DC  20006.4046
Telephone:   202.842.3400
Facsimile:    202.842.0011

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2023, a copy of the foregoing was served using the CM/ECF upon all parties of record, including:

>Jonathan D. Leo, Esq., Bar No: 1023572
>4550 Montgomery Avenue, Suite 760N
>Bethesda, Maryland 20814
>(301) 951-1530
>jleo@leolawoffices.com
>Counsel for Plaintiff

>*/s/ Alison Davis*
>Alison N. Davis, Esq.
>815 Connecticut Ave. NW
>Suite 400
>Washington, DC 20006
>Counsel for Defendant